UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRIS GABLE,

                        Plaintiff,                **COMPLAINT**

            - against -                      08 Civ. 7370 (HB)

SATYAM R. TALATI,                                  ECF CASE

                      Defendant.
-----------------------------------------------------------x

        Plaintiff CHRIS GABLE ("GABLE"), by his attorneys, McCormick Dunne & Foley, as and for a complaint against the above-captioned defendant, alleges as follows:

## JURISDICTION AND VENUE

        1.     This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and specifically 15 U.S.C. § 1692k.

        2.     Personal jurisdiction over defendant SATYAM R. TALATI ("TALATI") exists pursuant to CPLR § 302(a)(1), because the cause of action asserted herein arises out of TALATI's transaction of business within the state.

        3.     Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

        4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York, because that is where GABLE received the written communication at issue.

**PARTIES**

5. At all times hereinafter mentioned, GABLE was and is a natural person, a citizen of the State of New York, a resident of 1155 Park Avenue, New York, New York, and a "consumer," as defined by 15 U.S.C. § 1692a(3).

6. Upon information and belief, at all times hereinafter mentioned, TALATI was and is a natural person, a citizen of the State of Michigan, and a "debt collector," as defined by 15 U.S.C. § 1692a(6).

**AS AND FOR A FIRST CAUSE OF ACTION**

7. On or about May 15, 2008, TALATI did mail or have mailed to GABLE, at his address listed in paragraph "5" above, a letter concerning an alleged debt of $39.24 claimed to be owed by GABLE to NECC (the "letter").

8. The letter is a "communication," as defined by 15 U.S.C. § 1692a(2), concerning a "debt," as defined by 15 U.S.C. § 1692a(5).

9. Upon information and belief, TALATI had never before communicated (either orally or in writing) with GABLE concerning the alleged debt referenced in the letter.

10. Accordingly, the letter constitutes an "initial communication," as that term is employed in 15 U.S.C. § 1692g(a).

11. TALATI violated 15 U.S.C. § 1692g(a), because he failed to furnish to GABLE, either in the letter or in a separate written notice sent to GABLE within five (5) days of the letter, the information required to be furnished under 15 U.S.C. § 1692g(a)(3), (4) and (5).

12. In that regard, although the letter recites the requisite validation information, the recitation is immediately followed by language that overshadows and contradicts it.

13. Accordingly, the letter fails to convey the validation information clearly and effectively, thereby rendering GABLE uncertain as to his rights.

14. Additionally, the letter violates 15 U.S.C. §§ 1692e(5) and 1692e(10), as well as 15 U.S.C. § 1692e's general ban on false, deceptive and misleading practices, because it indicates that TALATI may bring suit over the alleged debt, when in fact, upon information and belief, TALATI knew or had reason to know that he would not be bringing suit.

15. Lastly, the letter violates 15 U.S.C. §§ 1692e(3) and 1692e(10), as well as 15 U.S.C. § 1692e's general ban on false, deceptive and misleading practices, because it gives the impression that the alleged debt has been personally reviewed by TALATI, when in fact, upon information and belief, no such individualized review took place.

16. Accordingly, TALATI is liable to GABLE for all damages actually sustained by him, for statutory damages in an amount to be fixed by the Court, and for his costs and a reasonable attorney's fee.

**WHEREFORE** GABLE demands judgment awarding him:

(i)   the sum of all damages sustained by him as a result of TALATI's conduct, as outlined above;

(ii)  statutory damages in the amount of $1,000.00;

(iii) costs and a reasonable attorney's fee; and

(iv)  for such other and further relief as to this Court may seem just and proper.

Yours, etc.,

MCCORMICK DUNNE & FOLEY

By:   s/
      Christopher P. Foley (CF 6079)

Attorneys for Plaintiff
Office and P.O. Address
61 Broadway, Suite 1030
New York, New York  10006
(212) 363-1300